***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER M. RUDOW, : | |
| : | |
| Petitioner, : | |
| : | Civil Action No. 11-5741 (FLW) |
| v. : | |
| : | **OPINION** |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |
| : | |

**WOLFSON, United States District Judge:**

Presently before the Court is a petition by Petitioner Christopher Rudow ("Petitioner" or "Rudow") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Rudow was sentenced to 326 months for one count of production of child pornography in violation of 18 U.S.C. § 2251(a). Rudow claims that the motion should be granted for the following reasons: (1) the use of U.S.S.G. § 2G2.1 at sentencing deprived him of his Fifth Amendment due process rights; (2) the sentence imposed on Rudow violates the Eighth Amendment's prohibition of cruel and unusual punishment; and (3) reliance on the current child pornography guidelines at sentencing violates the separation of powers doctrine. For the reasons set forth below, Petitioner's motion is denied in its entirety.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The facts that follow in this section are not in dispute. On approximately ten occasions between Thanksgiving 2006 and January 8, 2007, Petitioner sexually abused his minor daughter, D.R., and recorded the abuse with his cellular telephone and a video recorder. Particularly, the

abuse consisted of Petitioner "poking" D.R.'s breasts, and asking her to remove her pants and underwear so that her pubic area would be exposed. D.R. complied, fearing that Petitioner would beat her if she did not. After the victim disclosed the abuse to her mother, Petitioner was arrested. A search of the Petitioner's home yielded recordings of him abusing D.R., as well as other child pornography, stored on his cellular phone, video recorder, computer, and various storage devices.

On February 2, 2009, pursuant to a written plea agreement, Petitioner entered a guilty plea before then Chief Judge Garrett E. Brown, Jr., U.S.D.J. (retired), to a one-count Information charging him with production of child pornography in violation of 18 U.S.C. § 2251(a). Petitioner stipulated that the offense involved sexual contact with his daughter, and at the time, she was a minor between the ages of twelve and sixteen.

At sentencing, Petitioner argued, among other arguments not relevant to the present motion, that to ensure an individualized sentence, the Court should place little weight upon § 2G2.1, the relevant Sentencing Guideline.[1] Petitioner argued that the Sentencing Commission increased §2G2.1 only "to become coterminous with the [recently increased] mandatory minimums," (R. 90), and did so without its usual deliberative process. Therefore, reliance on § 2G2.1 would lead to unreasonable sentences. After considering this argument, Judge Brown adhered to the Guideline range of 292 to 360 months, and sentenced Petitioner, a category VI offender with six prior felony convictions, to 326 months with supervised release for a term of

---

[1] Petitioner was sentenced according to § 2G2.1 for production of child pornography. Much of the authorities that Petitioner cites in arguing that the child pornography Guidelines are flawed relate to § 2G2.2, which provides guidelines for traffickers of child pornography. However, since both § 2G2.1 and § 2G2.2 were amended under similar circumstances to reflect statutory increases in sentences for child pornography offenders, this discrepancy does not significantly weaken Petitioner's argument.

2

life upon release.  In the present Petition, neither party disputes the accuracy of Judge Brown's calculation of Petitioner's Guideline range.

Petitioner appealed his sentence to the Third Circuit, and on April 14, 2010, the Third Circuit affirmed, finding no procedural or substantive error.  That decision is discussed further, below.  On October 4, 2010, the United States Supreme Court denied certiorari.  On October 3, 2011, Petition timely filed this Petition.[2]

## II.  STANDARD OF REVIEW

Section § 2255 provides that:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Unless the moving party claims a jurisdictional defect or a Constitutional violation, the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure."  United States v. Horsley, 599 F.2d 1265, 1268 (3d Cir. 1979) (quoting Hill v. United States, 368 U.S. 424, 429 (1962)).

## III.  DISCUSSION

### A.  An Evidentiary Hearing is not Required

Initially, this Court must consider whether Petitioner is entitled to an evidentiary hearing.  An evidentiary hearing is required by § 2255 "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); see also United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992); United States v. Baynes, 622 F.2d 66, 68 (3d

---

[2] The present petition has been reassigned to me, as Judge Brown has retired.

Cir. 1980). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See <u>Gov't of V.I. v. Nicholas</u>, 759 F.2d 1073, 1075 (3d Cir. 1985). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a § 2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, the court may decline to conduct an evidentiary hearing. See <u>id.</u> at 1075. Here, since I find that Petitioner is not entitled to the relief requested as a matter of law, an evidentiary hearing need not be conducted. I will turn to those discussions.

**B.  Petitioner Waived His Claim that His Sentence Violates the Eighth Amendment by Failing to Raise it on Direct Appeal**

Petitioner argues that his sentence violates the Eighth Amendment's prohibition of cruel and unusual punishment. Unfortunately, Petitioner waived this issue by failing to raise it on direct appeal, and may not raise it in the present Petition. See <u>United States v. Ruddock</u>, 82 Fed.Appx. 752, 757 (3d Cir. 2003) ("When issues are either not set forth in the statement of issues presented or not pursued in the argument section of the brief, the appellant has abandoned and waived those issues on appeal."). "Once the defendant's chance to appeal has been waived or exhausted . . . , we are entitled to presume he stands fairly and finally convicted, especially when . . . he already has had a fair opportunity to present his federal claims to a federal forum." <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982). Consequently, when considering a procedurally defaulted claim raised for the first time in a § 2255 motion, a district court must apply a "cause and actual prejudice" standard. See <u>Reed v. Farley</u>, 512 U.S. 339, 355 (1994) (citing <u>Frady</u>, 456 U.S. at 167-68); <u>United States v. Essig</u>, 10 F.3d 968, 979 (3d Cir. 1993). To prevail under this standard, Petitioner must "show both (1) 'cause' excusing his . . . procedural

4

default, and (2) 'actual prejudice' resulting from the errors of which he complains." [3] United States v. DeRewal, 10 F.3d 100, 103 (3d Cir. 1993) (quoting Frady, 456 U.S. at 168). To show "cause," a petitioner must demonstrate "'some objective factor external to the defense' that impeded his or her ability to raise the issue [on direct appeal]." Salcedo v. United States, No. 04-4527, 2005 WL 2654083, at * 3 (D.N.J. Oct. 13, 2005) (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)) (internal quotation marks omitted). For example, "a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . , or that some interference by officials . . . made compliance impracticable, would constitute cause under this standard." Coleman, 501 U.S. at 753 (internal quotation marks and citations omitted); cf. Murray v. Carrier, 477 U.S. 478, 486 (1986) ("[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for [excusing] a procedural default.").

Petitioner provides no cause for his failure to raise the Eighth Amendment issue on direct appeal. He makes no argument that "the factual or legal basis for [his Eighth Amendment] claim was not reasonably available to counsel." Coleman, 501 U.S. at 753. While Petitioner cites several cases in the context of his Eighth Amendment claim that were decided subsequent to his direct appeal, these cases merely provide examples of defendants receiving sentences similar to Petitioner's for conduct that is arguably more heinous. These cases, while unavailable to counsel at the time of his direct appeal, cannot be considered as the "legal basis" for his Eighth Amendment claim. Therefore, the Court finds that Petitioner could have, and should have, made

---

[3] "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for procedural default." Murray v. Carrier, 477 U.S. 478, 496 (1986). Since Petitioner contests only his sentence, and does not claim actual innocence, the Murray exception to the "cause and actual prejudice" standard is inapplicable.

5

this Eighth Amendment argument on direct appeal, and his failure to do so constitutes a procedural default. As Petitioner has failed to satisfy the first prong of the "cause and actual prejudice" standard, he may not raise his Eighth Amendment claim here. See, e.g., Anderson v. United States, 959 F.2d 233, 1992 WL 64725, at *2 (6th Cir. 1992) (finding that a § 2255 petitioner who did not claim that his sentence was imposed in violation of the Eighth Amendment's prohibition of cruel and unusual punishment on direct appeal, and failed to show "cause and prejudice," was barred from raising such claim in his § 2255 Petition).

**C.   Petitioner Waived His Claim that the Imposition of His Sentence Violates the Separation of Powers Doctrine by Failing to Raise it on Direct Appeal**

Similarly, Petitioner failed to raise on direct appeal, his claim that the imposition of his punishment, by relying the sentencing Guidelines, violates the separation of powers doctrine. Again, Petitioner provides no explanation as to why he did not make this argument on appeal. He cites no cases decided subsequent to the decision in his direct appeal that could provide additional "legal basis" for the argument he makes in the present Petition. See Coleman, 501 U.S. at 753. Nor does Petitioner provide any new "factual basis" for his argument. As such, having waived his claim in this respect, Petitioner may not raise it here.

**D.  Petitioner's Fifth Amendment Rights Were Not Violated**

Finally, Petitioner claims that he was deprived of his Fifth Amendment due process rights at sentencing. Petitioner makes two arguments in support of his Fifth Amendment claim. First, Petitioner argues that Judge Brown's failure to directly address his policy argument regarding the child pornography Guidelines violated his Due Process rights. Second, Petitioner argues that the Third Circuit found the applicable Guidelines to be flawed as a matter of law in United States v.

6

Grober, 624 F.3d 592 (3d Cir. 2010),[4] and that this decision constitutes an intervening change of law upon which he may base a collateral attack.  The Court will address these arguments in turn.

**1. This Court is Bound by the Third Circuit's Ruling on Direct Appeal that Judge Brown Was not Required to Directly Address Petitioner's Policy Argument Regarding § 2G2.1**

On direct appeal, [5] the Third Circuit rejected Petitioner's claim, based on Kimbrough v. United States, 552 U.S. 85, 128 (2007), that Petitioner's due process rights were violated when "the District Court failed to consider his argument that the applicable Guideline, § 2G2.1, was not entitled to any deference because it had been adopted by the Sentencing Commission for improper reasons."  United States v. Rudow, 373 Fed.Appx. 298, 302 (3d Cir. 2010).  In Kimbraugh, the United States as Respondent acknowledged that "courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines."  522 U.S. at 101 (alterations in original) (citations omitted).  However, a district court need not "reject a particular Guidelines range where that court does not, in fact, have a disagreement with the Guideline at issue."  Rudow, 373 Fed.Appx. at 302 (quoting United States v. Lopez-Reyes, 589 F.3d 667, 671 (3d Cir. 2009)).  Furthermore, if a district court has no such policy disagreement, it "is not required to engage in independent analysis of the empirical justifications and deliberative undertakings that led to a particular guideline."  Rudow, 373 Fed.Appx. at 302 (quoting Lopez-Reyes, 589 F.3d at 671) (internal quotation marks omitted).  The Third Circuit concluded:

---

[4]    Grober was decided on October 26, 2010.  Petitioner's appeal was decided on April 13, 2010.  Petitioner filed its petition to the Supreme Court for certiorari on July 6, 2010.  Consequently, the present Petition is Petitioner's first chance to raise arguments based on the holding in Grober.

[5]    "A section 2255 petition is not a substitute for an appeal. . . , nor may it be used to relitigate matters decided adversely on appeal."  Nicholas, 759 F.2d at 1074-75 (internal citations omitted)).  Consequently, this Court is bound by the Third Circuit's holdings on direct appeal, barring any intervening change in law.

7

> Here, the District Court evaluated the facts of Rudow's case and found the Guidelines range "quite reasonable" in light of the factors set forth in § 3553(a). Because the District Court concluded that application of § 2G2.1 was appropriate given the circumstances of Rudow's case, it was not obligated to evaluate whether the Guideline provision had been properly adopted by the Sentencing Commission. Accordingly, the District Court's failure to address Rudow's objections to § 2G2.1 explicitly did not render his sentence procedurally unreasonable.

Rudow, 373 Fed.Appx. at 302.[6]

Thus, while "[Judge Brown] did not explicitly address the issue [of the development of § 2.2G2.1] when explaining the rationale behind Rudow's sentence," id., he was not required to do so.

In response, Petitioner essentially argues that the Third Circuit's decision was erroneous, and that Judge Brown should have been required to directly address the policy considerations regarding § 2.G2G.1. Sitting as the district judge, I may not, however, address this argument, as I am bound by the Third Circuit's ruling in this regard on Petitioner's direct appeal.

**2. No Intervening Change of Law has Occurred since Petitioner Was Sentenced**

Next, Petitioner argues that an intervening change in law regarding the Guidelines has occurred since the Third Circuit ruled on his direct appeal, which decision would rendering his sentence procedurally flawed. In support of this position, Petitioner relies predominately upon

---

[6] According to Third Circuit precedent, district court judges must sentence a defendant according to the following three-step process: (1) calculate the Guideline range; (2) formally rule on departure motions; and (3) consider the relevant 18 U.S.C. § 3553(a) sentencing factors. United States v. Gunter, 462 F.3d, 237, 247 (3d Cir. 2006). Petitioner argues that this three-step process announced in Gunter often renders the Guidelines decisive rather than advisory in violation of United States v. Booker, 543 U.S. 220 (2005). Because Judge Brown adhered to this process, Petitioner argues the Guidelines played a decisive role in Petitioner's sentencing. The Third Circuit has already addressed this issue and found that Judge Brown properly viewed the Guidelines as advisory. See Rudow, 373 Fed.Appx. at 301. I am bound by the court's decision here.

Grober.  The court in Grober did not, however, hold that the Guidelines are flawed as a matter of law.[7]  See discussion infra p. 9.  Thus, Grober does not constitute an intervening change in law upon which Petitioner may base a collateral attack on his sentence.

In Grober, the Third Circuit found that "§ 2G2.2[8] was not developed pursuant to the Commission's institutional role and based on empirical data and national experience, but instead was developed largely pursuant to congressional directives."  624 F.3d at 608.  Consequently, § 2G2.2 should be "applied with great care" to avoid "unreasonable sentences that are inconsistent with what § 3553 requires."  See id. at 607 (quoting United States v. Dorvee, 616 F.3d 174, 184-86 (2d Cir. 2010)).  In arriving at this conclusion, the court in Grober cited an October 2009 report authored by the United States Sentencing Commission entitled The History of Child Pornography Guidelines.  Grober, 624 F.3d at 604 (citing U.S. Sentencing Commission, The History of the Child Pornography Guidelines (Oct. 2009), available at http://www.ussc.gov/Research/Research_Projects/Sex_Offenses/20091030_History_Child_Pornography_Guidelines.pdf).  This report was not available at the time Petitioner was sentenced, and its significance had not been recognized by the Third Circuit until Grober, six months after Petitioner's direct appeal was denied.  Furthermore, much of the criticism of the child pornography guidelines began either shortly before or shortly after Rudow was sentenced on August 5, 2009.  See, e.g. United States v. Diaz, 720 F.Supp.2d 1039 (E.D. Wis. June 30, 2010) (collecting cases); United States v. Riley, 655 F.Supp.2d 1298 (S.D. Fla. Sept. 4, 2009); United States v. McElheney, 630 F.Supp.2d 886 (E.D. Tenn. July 2, 2009); United States v. Beiermann,

---

[7]   Had Grober held that the Guidelines are flawed as a matter of law and yield unreasonable sentences, this Court's decision might be different.

[8]   See infra note 1.

9

599 F.Supp.2d 1087 (N.D. Iowa Feb. 24, 2009); United States v. Phinney, 599 F.Supp.2d 1037 (E.D. Wis. Feb. 20, 2009).

Importantly, however, Grober clarified that the child pornography Guidelines are not flawed as a matter of law:

> We emphasize that we do not hold that § 2G2.2 will always recommend an unreasonable sentence, and district courts must, of course, continue to consider the applicable Guidelines range. Moreover, if a district court does not in fact have a policy disagreement with § 2G2.2, it is not obligated to vary on this basis.

624 F.3d at 611 (internal quotation marks and citations omitted).

Having considered Grober's impact on the child pornography sentencing Guidelines, I find that Petitioner has grossly overstated the significance of the holding of Grober. Indeed, Grober does not constitute an intervening change of law on the jurisprudence of these Guidelines. Rather, Grober only instructs district courts to utilize the Guidelines in this context with care. Had Grober been decided prior to Petitioner's sentencing, Judge Brown would have had before him a directive that the Guidelines should be applied with caution. However, despite the fact that Grober preceded the sentencing, Judge Brown justified the reasonableness of the Guidelines as applied to Rudow in light of the § 3553(a) factors; in that regard, Judge Brown's sentence of Petitioner dispenses with the concerns of Grober. So, the fact that Grober had not been decided prior to Petitioner's sentencing, does not constitute a "fundamental defect resulting in a miscarriage of justice." See Hill, 368 U.S. at 429. Hence, I have no basis under § 2255 to vacate Petitioner's sentence.[9]

---

[9]  In Gordon v. United States, No. 10-5366, 2011 WL 2638133 (S.D.N.Y. July 1, 2011), a case cited by Petitioner, Pet.'s Mot. at 17-18, the court granted a § 2255 motion because it had not viewed § 2G2.2 with appropriate scrutiny. However, in Gordon, trial counsel had failed to argue that the court "did not owe deference to § 2G.2.2 because it was formulated without the benefit of the Sentencing Commission's expertise," Gordon, 2011 WL 2638133, at *1, and thus, that court had not considered the issue at sentencing. In the present case, counsel, however,

10

IV.     **CERTIFICATE OF APPEALIBILITY**

Pursuant to 28 U.S.C. § 2253(c)(1)(B), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

Here, Petitioner failed to make a substantial showing that his imposed sentence violated any of his constitutional rights.  Petitioner provides no legal basis to support his assertion that he is entitled to be re-sentenced due to the purported unfairness of the child pornography Guidelines.  Indeed, the Third Circuit has had occasion to review the Guidelines and it has declined to invalidate them.  As such, no reasonable jurists would disagree with this Court's resolution of Petitioner's claims.   Accordingly, no certificate of appealability will issue.

---

made that argument at sentencing, see (R. 89-91), and therefore, Judge Brown had the opportunity to consider it.

## V. CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside or correct his August 5, 2009 sentence pursuant to 28 U.S.C. § 2255 is hereby denied.

An appropriate order shall follow.


Dated: July 16, 2012                                                  /s/         Freda L. Wolfson
                                                                          Freda L. Wolfson, U.S.D.J.